IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SHEAMEAKA LASHAUN EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12cv717-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 4) addressing the applicability of the one-year limitation period to the petitioner's 28 U.S.C. § 2255 motion.  The government argues that the petitioner's § 2255 motion, which was filed on August 15, 2012, is untimely under 28 U.S.C. § 2255(f)[1] and is therefore due to be dismissed.

---

[1]Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period begins from the latest date of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The record reflects that in March 2004, the petitioner pled guilty to possession with intent to distribute 50 grams or more of crack cocaine, possession with intent to distribute powder cocaine, and possession of a firearm during a drug trafficking crime. She was sentenced on June 7, 2004, to a total of 180 months in prison. Judgment was entered by the district court on June 10, 2004. The petitioner did not take a direct appeal. Therefore, her conviction is deemed to be final on June 14, 2004.[2] For purposes of 28 U.S.C. § 2255(f)(1), then, the petitioner had until June 14, 2005, to file a timely § 2255 motion. The petitioner's filing of her § 2255 motion on August 15, 2012, renders it untimely by more than seven years under § 2255(f)(1).

The petitioner cursorily maintains that her sentence is unlawful under "*US v. Simmons*," which she says was decided in August of 2011. *See* Doc. No. 1 at 4-5. The petitioner also suggests that her § 2255 motion is timely (presumably under 28 U.S.C. § 2255(f)(3) ), because it was filed within one year of the *Simmons* decision. *Id.* The *Simmons* decision to which the petitioner apparently alludes is *United States v. Simmons*, 649 F.3d 237 (11th Cir. 2011), the August 17, 2011, ruling by the Fourth Circuit Court of Appeals

---

[2] *See* Fed.R.App.P. 4(b)(1). When the petitioner was sentenced, Rule 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after entry of the district court's judgment. *See, e.g., Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final 10 days after the district court's judgment is entered); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (a federal criminal judgment that is not appealed becomes final for the purpose of § 2255 ten days after it is entered, when the time for filing a direct appeal expires). Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within **14** days after entry of the district court's judgment.

following remand by the United States Supreme Court,[3] in which the Fourth Circuit applied *Carachuri–Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577 (2010), to find that a defendant's prior North Carolina conviction for non-aggravated, first-time marijuana possession was for an offense not "punishable by imprisonment for a term exceeding one year," and thus did not qualify as a predicate felony conviction for purposes of the Controlled Substances Act.  649 F.3d at 248-49.  *Carachuri-Rosendo*, which was decided by the Supreme Court on June 14, 2010, dealt with the issue of under what circumstances a prior conviction for simple possession of a controlled substance can constitute an "aggravated felony" pursuant to 8 U.S.C. § 1229b(a)(3).  The Supreme Court held that the statutory enhancements for recidivism in regard to simple possession under 18 U.S.C. § 844 do not render a prior conviction a conviction for an aggravated felony, where recidivism is demonstrated by the record but not actually alleged or raised, 130 S.Ct. at 2587-89, and that a federal court "cannot, *ex post*, enhance the state offense of record just because facts known to it would have authorized a greater penalty under either state or federal law," *id*. at 2586.

The petitioner's effort to rely on a Fourth Circuit case, *United States v. Simmons*, 649 F.3d 237, for timeliness is unavailing, because the standard in 28 U.S.C. § 2255(f)(3) relates to when a new right is recognized by a *Supreme Court* decision and made retroactively applicable on collateral review.  Petitioner's § 2255 filing on August 15, 2012, was not made within one year of the Supreme Court's June 14, 2010, decision in *Carachuri–Rosendo*, the Supreme Court ruling upon which the Fourth Circuit based its decision in *United States v.*

---

[3] *See Simmons v. United States*, ___ U.S. ___, 130 S.Ct. 3455 (2010).

*Simmons.*  Nor does *Carachuri–Rosendo* apply retroactively. *See Stewart v. Warden, FCC Coleman–Low*, 2012 WL 45421, *1 (M.D. Fla. Jan. 9, 2012) (finding no basis for the retroactive application of *Carachuri–Rosendo*).

Moreover, the holding of *Carachuri–Rosendo* is inapplicable to the petitioner's case. The petitioner appears to argue that her sentence was improperly increased based on a prior state felony conviction for second-degree theft of property, for which she was sentenced to three years' imprisonment, because her sentence for that crime was partly suspended and she was paroled and ended up spending less than one year of actual imprisonment.  However, the petitioner's state offense of record was in fact a felony conviction and three-year term of imprisonment for second-degree theft of property, which the federal district court did not "enhance" or "change" when imposing the federal sentence against the petitioner. *Carachuri–Rosendo* and *Simmons* are therefore wholly inapplicable to the petitioner's sentence in this court.

Further, the district court's use of the petitioner's prior conviction for second-degree theft of property influenced only the petitioner's guideline sentencing range (in the calculation of her criminal history points and resulting criminal history category) and did not affect the statutory sentencing range applicable to the petitioner.  The Eleventh Circuit has held that alleged errors in application of the sentencing guidelines are subject to the ordinary rules of procedural default as long as the sentence imposed does not exceed the statutory maximum sentence that would have been applied absent the error.  *Gilbert* v. United States, 640 F.3d 1293, 1306 (11th Cir. 2011) (en banc); *see McKay v. United States*, 657 F.3d 1190

(11th Cir. 2011), *Bido v. United States*, 438 Fed.Appx. 746 (11th Cir. Jul. 20, 2011), and *Orso v. United States*, 452 Fed.Appx. 912 (11th Cir. Jan. 17, 2012).  Consequently, the one-year limitation period in § 2255(f) bars review of the petitioner's claim regarding the use of her prior conviction in the calculation of her criminal history points and criminal history category.

Finally, it does not appear that any of the statutory exceptions specified in § 2255(f)(2)-(4) apply in this case.  Specifically, as previously indicated, the petitioner's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Moreover, there is no suggestion that the government prevented the petitioner from filing an earlier motion.  Nor does the petitioner appear to have submitted grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period should begin to run at a time other than upon the finality of her conviction.

For these reasons, then, it appears to this court that the one-year period of limitation contained in 28 U.S.C. § 2255(f) expired well before the petitioner filed her § 2255 motion.  Accordingly it is

ORDERED that on or before October 16, 2012, the petitioner shall show cause why her § 2255 motion should not be dismissed as it was not filed within the applicable one-year limitation period.

Done this 25[nd] day of September, 2012.


_____/s/ Terry F. Moorer_____
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE