IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHEAMEAKA LASHAUN EDWARDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:12cv717-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On August 15, 2012, federal inmate Sheameaka Lashaun Edwards ("Edwards") filed this *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Doc. No. 1.  Edwards challenges her 2004 guilty-plea convictions and sentence for possession with intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 2), and carrying a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3).  The government maintains Edwards's § 2255 motion is time-barred because it was filed after expiration of the one-year limitation period.  Doc. No. 4.  The court concludes the government is correct and that the § 2255 motion should be denied because it was not filed within the time allowed by federal law.

**II.  DISCUSSION**

**A.     One-year Limitation Period**

The timeliness of Edwards's § 2255 motion is governed by 28 U.S.C. § 2255(f).  That

section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On March 15, 2004, Edwards pled guilty under a plea agreement to possession with intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 2), and carrying a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3). On June 7, 2007, she was sentenced to a total of 180 months in prison (concurrent terms of 120 months for the distribution counts followed by a consecutive term of 60 months for the § 924(c) count). Judgment was entered by the district court on June 10, 2004. Edwards took no appeal. Therefore, her conviction was

Case 3:12-cv-00717-WHA-TFM   Document 15   Filed 09/03/14   Page 3 of 8

"final" on June 21, 2004, the first business day after June 20, 2004.[1]  Under 28 U.S.C. § 2255(f)(1), Edwards had until June 21 2005, to file a timely § 2255 motion.  Her § 2255 motion filed on August 15, 2012, is untimely under § 2255(f)(1).

Edwards maintains her § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year after the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).  *See* Doc. No. 1 at 12.  In *Simmons*, the Fourth Circuit applied *Carachuri–Rosendo v. Holder*, 560 U.S 563 (2010), to find that a federal defendant's prior North Carolina conviction for non-aggravated, first-time marijuana possession was for an offense not "punishable by imprisonment for a term exceeding one year," and thus did not qualify as a predicate felony conviction for purposes of the Controlled Substances Act.  *Simmons*, 649 F.3d at 248-49.  *Carachuri*, which was decided by the Supreme Court in June 2010, dealt with under what circumstances a prior conviction for simple possession of a controlled substance can constitute an "aggravated felony" under 8 U.S.C. § 1229b(a)(3).  The Supreme Court held that the statutory enhancements for recidivism regarding simple possession under 18 U.S.C. § 844 do not render a prior conviction a conviction for an aggravated felony, where recidivism is demonstrated by the

---

[1] *See* Fed.R.App.P. 4(b)(1).  When judgment was entered in Edwards's case, Rule 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after entry of the district court's judgment.  *See, e.g., Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final 10 days after the district court's judgment is entered); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (a federal criminal judgment that is not appealed becomes final for the purpose of § 2255 ten days after it is entered, when the time for filing a direct appeal expires).  Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within 14 days after entry of the district court's judgment.

record but not actually alleged or raised, 560 U.S. at 577-82, and that a federal court "cannot, *ex post*, enhance the state offense of record just because facts known to it would have authorized a greater penalty under either state or federal law," *id*. at 576-77.

In seeking to "extend" the limitation period for filing her § 2255 motion, Edwards argues her sentence is unlawful under the holdings of *Carachuri* and *Simmons*, an argument predicated on her apparent belief that one of the crimes of which she was convicted in this court in 2004 was possession of a firearm as a convicted felon[2] and that, under *Carachuri* and *Simmons*, the prior predicate conviction for the felon-in-possession charge was not a felony. *See* Doc. No. 1 at 5, 10. The simple answer to this argument is that Edwards was *not* convicted in this court in 2004 for possession of a firearm as a convicted felon. Rather, the firearm offense to which she pled guilty in 2004 (Count 3) was carrying a firearm during a drug-trafficking crime, a violation of 18 U.S.C. § 924(c). A prior predicate felony is not an element of that offense. *Carachui* and *Simmons* are inapplicable to Edwards's 2004 convictions in this court.[3]

In an amendment to her § 2255 motion (Doc. No. 10), Edwards contends she is entitled to resentencing on the drug-distribution counts (Counts 1 and 2) to which she pled guilty in 2004, based on the Supreme Court's recent holding in *Alleyne v. United States*, ___

---

[2] *See* 18 U.S.C. § 922(g)(1).

[3] Edwards's reliance on *Carachuri* and *Simmons* to extend the limitation period through § 2255(f)(3) also fails because *Carachuri* was decided more than a year before she filed her § 2255 motion and does not apply retroactively, *see Stewart v. Warden, FCC Coleman–Low*, 2012 WL 45421, *1 (M.D. Fla. Jan. 9, 2012), and *Simmons* is not a Supreme Court decision.

U.S. \_\_\_, 133 S.Ct. 2151 (2013). In *Alleyne*, the Court held that the enhancers described in 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) – brandishing or discharging a firearm – triggering higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses, to be alleged in the indictment and proved beyond a reasonable doubt. *Id*. Edwards maintains the district court violated *Alleyne* by increasing her sentence based on factfinding, under a preponderance-of-the-evidence standard, regarding the drug amounts she was responsible for. Doc. No. 10 at 2. She appears to suggest that the holding in *Alleyne* is retroactively applicable to her case. *Id*.

The holding in *Alleyne* is inapplicable to Edwards's case. The district court sentenced Edwards to the statutory minimum (10 years; *see* 21 U.S.C. § 841(b)(1)) for the drug-distribution counts based not on factfinding at sentencing regarding drug amounts (or any offense element) but instead based on Edwards's guilty plea, by which she admitted to all the elements of the drug-distribution offenses charged in the indicment. Although the district court sentenced Edwards to the statutory minimum for those counts, the holding of *Alleyne* would not have prohibited the court from factfinding regarding drug amounts that increased Edwards's sentence *under the Sentencing Guidelines*. Judicial factfinding that affects the Guidelines calculation does not fit within the category of facts required under *Alleyne* to be proved beyond a reasonable doubt

*Alleyne* is also inapplicable to Edwards's case because it does not apply retroactively to cases on collateral review. *See Chester v. Warden*, 552 F. App'x 887, 891 (11th Cir. 2014) ( "*Alleyne*'s rule does not apply retroactively on collateral review."); *United States v.*

5

*Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) ( "*Alleyne* was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared *Alleyne* to be retroactive on collateral review ... [a]nd *Alleyne* has not been made retroactive through any combination of cases that necessarily dictate retroactivity."); *Barkley v. Hastings*, 2014 WL 808079, at *5 (S.D. Ga. Feb. 28, 2014) ("The decision in *Alleyne*, is 'an extension' of that in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).... Given that *Apprendi* is not retroactively applicable on collateral review, it is unlikely the Supreme Court will give the ruling in *Alleyne* retroactive effect."). Because *Alleyne* is not retroactively applicable, Edwards's attempt to assert an *Alleyne* claim in the amendment to her § 2255 motion is untimely.[4]

Finally, Edwards suggests her § 2255 motion, as amended, is timely because the decisions in *Carachuri* and *Alleyne* constitute "extraordinary circumstances" that prevented

---

[4] The government also correctly argues Edwards's claim under *Allyene* is barred by the waiver provision in her plea agreement, by which Edward's expressly waived her right to collaterally attack her sentence. Doc. No. 12 at 13-14; *see* Gov. Ex. C at 8-9. An appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the Government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351. At Edwards's change of plea hearing, the magistrate judge ascertained from Edwards that she had read and discussed the plea agreement with her counsel before signing it, and that he understood the terms of the plea agreement. *See* Gov. Ex. D at 6-7. The terms of the waiver provision were stated in open court, with Edwards representing to the court that she understood them. *Id.* at 12-13. Further, the written plea agreement contained Edwards's signature under language acknowledging that she had read and understood the plea agreement and that the matters and facts set forth in the written agreement accurately reflected all representations that had been made to him and all the terms that had been reached. Gov. Ex. C at 8-9, 15.

her from filing on time. However, as discussed above, *Carachuri* and *Alleyne* are not applicable to Edwards's claims. Therefore, they neither extend the limitation period under § 2255(f) nor provide a basis for equitable tolling of the limitation period. Moreover, judicial decisions where a defendant is a non-party do not constitute extraordinary circumstances to warrant equitable tolling.

In sum, Edwards's § 2255 motion is untimely under § 2255(f)(1).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as it was not filed within the controlling federal limitation period and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before September 18, 2014.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 3rd day of September, 2014.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE